United States District Court
Southern District of Texas
**ENTERED**
December 29, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| EB HOLDINGS II INC, *et al*, | § § § | CIVIL ACTION NO. 4:21-mc-02650 |
| Plaintiffs, | § § § | |
| vs. | § § § § | JUDGE CHARLES ESKRIDGE |
| ILLINOIS NATIONAL INSURANCE COMPANY, *et al*, | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

EB Holding II Inc brings a motion to compel subpoena compliance by Jennifer Hopson. Dkt 1. Construed as a motion for contempt, the motion is granted.

Counsel for EB Holdings II Inc issued a subpoena to nonparty Jennifer Hopson in *EB Holdings II Inc et al v Illinois National Insurance Co et al*, 2:20-cv-02248 (D Nev). See Dkt 1-2. Hopson is a resident of Spring, Texas. EBH served the subpoena upon her on August 26, 2021. Dkt 1-3. It required her to produce certain documents and sit for a deposition on October 7, 2021. Dkt 1-2.

Hopson confirmed that she doesn't possess any documents responsive to the subpoena's document requests. Dkt 1 at 4. But after months of negotiations, Hopson has refused to sit for the deposition. Id at 3–4; Dkt 1-1. EBH now moves to compel Hopson to sit for a deposition pursuant to the subpoena. Dkt 1.

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas to nonparties. Rule 45(g) states:

> The court for the district where compliance is required—and also, after the motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

This doesn't explicitly "authorize a motion to compel a non-party's compliance with a subpoena's command to appear for a deposition." *MetroPCS v Thomas*, 327 FRD 600, 614 (ND Tex 2018). Contempt is instead the sole remedy for a nonparty's refusal to comply with a subpoena. Id at 615. But the committee notes to Rule 45 recognize contempt as the strong medicine that it is—especially without prior attempt at lesser remedies. The notes also obscure the proper procedural path a bit by observing that "it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena."

Even so, action when facing a recalcitrant nonparty under subpoena must still proceed by motion for contempt under Rule 45(g) in the proper court. That court—if satisfied that the moving party has made a *prima facie* showing that it issued a valid subpoena—may then issue an order requiring the nonparty to either comply with the subpoena, seek protection under Rule 45, or respond to the motion and show cause why he or she shouldn't be held in contempt. A chance for explanation is a preferred first step, with a respected treatise on this rule observing, "The district judge normally will preface a contempt citation with an order directing either compliance with the subpoena or a showing of an excuse for the noncompliance." Wright & Miller, *Federal Practice and Procedure* § 2465. For example, see *Jam Industries USA LLC v Gibson Brands Inc*, 2020 WL 4003280, *6 (SDNY) (noting that court should first order compliance with subpoena before imposing sanctions); but see *Luv N' Care LTD v Laurain*, 2019 WL 4696399, *2 (D Nev) (holding that court may make contempt determination under Rule 45 without first ordering compliance with subpoena); *Rose v Enriquez*, 2013 WL 5934365, *3 (WD Tex) (same).

The motion by EBH to compel subpoena compliance by Jennifer Hopson is thus construed as a motion for contempt under Rule 45(g). EBH has made a *prima facie* showing that it served a valid subpoena on Hopson. Dkts 1-2 (subpoena) & 1-3 (proof of service). It has also shown that Hopson has refused to comply with the subpoena. Dkt 1-1 (declaration of Ravi Bhalla).

Jennifer Hopson is ORDERED to comply with the subpoena issued by EB Holdings II Inc, seek protection under Rule 45 of the Federal Rules of Civil Procedure, or respond to the motion and show cause why she shouldn't be held in contempt. Dkt 1.

EB Holdings II Inc is ORDERED to serve a copy of this order on Jennifer Hopson along with all documents filed in this action. Hopson must comply within fourteen days of receipt of service of such copy.

SO ORDERED.

Signed on December 29, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge