United States District Court
Southern District of Texas
**ENTERED**
January 27, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| EB HOLDINGS II INC and QXH II Inc, Plaintiffs, | § § § § § | CIVIL ACTION NO. 4:21-mc-02650 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| ILLINOIS NATIONAL INSURANCE COMPANY, *et al*, Defendants | § § § § | |

## ORDER OF CIVIL CONTEMPT

The motion by EB Holdings II Inc to hold Jennifer Hopson in civil contempt is granted. Dkt 6.

1. Findings of fact

This miscellaneous action pertains to enforcement of a subpoena in a civil matter.

EB Holdings issued a subpoena to nonparty Jennifer Hopson in *EB Holdings II Inc, et al v Illinois National Insurance Co, et al*, 2:20-cv-02248 (D Nev). See Dkt 1-2. She is a resident of Spring, Texas. EB Holdings served the subpoena on August 26, 2021. Dkt 1-3. It required her to produce certain documents and to sit for a deposition on October 7, 2021. Dkt 1-2.

Hopson did confirm that she doesn't possess any responsive documents. Dkt 1 at 4. But she continues to refuse to sit for a deposition, even after months of negotiations. Dkt 6 at 2; Dkt 1-1; Dkt 6-1.

EB Holdings moved to compel Hopson to sit for a deposition pursuant to the subpoena. Dkt 1. This was construed as a motion for contempt under Rule 45 of the

Federal Rules of Civil Procedure. Hopson was ordered either (i) to comply with the subpoena issued by EB Holdings, or (ii) to seek protection under Rule 45, or (iii) to respond to the motion and show cause why she shouldn't be held in contempt. Dkt 5 at 3. EB Holdings was also ordered to serve Hopson with a copy of that order along with all documents filed in this action, with Hopson ordered to comply within fourteen days of receipt of such service. Ibid.

EB Holdings served those materials upon Hopson on December 29, 2021. Dkt 6-2. It then informed her by email on January 5, 2022, that her deposition would take place by video conference on January 11th at 9:00 AM. Dkt 6-3 at 3. That email included a notice of deposition that was served on all parties in the underlying action. Dkt 6-1 at 2; Dkt 6-4. EB Holdings sent a follow-up email to Hopson on January 10th containing the information relevant to the deposition. Dkt 6-1 at 2; Dkt 6-3 at 2. It also emailed Hopson at 8:45 AM on the day of the deposition. Dkt 6-1 at 2; Dkt 6-3 at 2.

Hopson didn't appear for the deposition and hasn't otherwise contacted EB Holdings. Dkt 6-1 at 2–3. She also hasn't sought protection under Rule 45 or shown cause why she shouldn't be held in contempt. See Dkt 5. The time for her to respond to the order expired on January 12, 2022. EB Holdings thus moves to hold Hopson in civil contempt. Dkt 6.

### 2. Conclusions of law

A court may employ judicial sanctions in civil contempt proceedings to "coerce the defendant into compliance with the court's order" or "compensate the complainant for losses sustained." *American Airlines Inc v Allied Pilots Ass'n*, 228 F3d 574, 585 (5th Cir 2000). The movant must establish by clear and convincing evidence that a court order was in effect, it required specific conduct by the respondent, and the respondent failed to comply. *Martin v Trinity Industries Inc*, 959 F2d 45, 47 (5th Cir 1992). The Fifth Circuit holds, "The contemptuous actions need not be

2

willful so long as the contemnor actually failed to comply with the court's order." *American Airlines*, 228 F3d at 581.

"Upon a finding of contempt, the district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educational Services Inc v Singh*, 428 F3d 559, 582 (5th Cir 2005). It's "obliged to use the least possible power adequate to the end proposed." *Spallone v United States*, 493 US 265, 276 (1990) (quotation marks and citation omitted). Still, an arrest warrant is a proper civil contempt sanction so long as it's "issued to force a litigant to comply with court orders rather than to punish the litigant." *Allstate Settlement Corp v Doucette*, 2016 WL 3346531, *3 (SD Tex), citing *Carr v Capital One NA*, 460 F Appx 461, 468 (5th Cir 2012).

Clear and convincing evidence establishes that Hopson has steadfastly flouted the authority of this Court and the rules pertinent to her obligations in discovery. She was served with a facially valid subpoena by EB Holdings that required her to sit for a deposition—but which she ultimately chose to ignore. She was also served with this Court's order on December 29, 2021 that required her to elect one of three responsive paths forward—but which she likewise chose to ignore. And she was notified multiple times of her deposition scheduled for January 11th—but which she again wholly ignored.

This is willful and persistent conduct. It fully merits a finding of contempt and sanction. Should Hopson fail to present herself before this Court as specified below, a warrant for her arrest will issue to be executed immediately by the United States Marshal. She will also then be required to pay attorney fees incurred by EB Holdings associated with delay attendant to arrest, as well as all reasonable attorney fees incurred by it in obtaining this finding of contempt.

3

3. Order

Jennifer Hopson is now HELD in civil contempt.

Hopson is ORDERED to appear in person before the Court to explain herself, and then to immediately undergo her deposition at the courthouse, as follows:

Friday, March 4, 2022 at 9:30 AM
Before the Honorable Charles Eskridge
United States District Judge
United States District Court, Courtroom 8B
515 Rusk Street
Houston, Texas 77002

Should Hopson fail to appear, an arrest warrant will issue to be executed immediately by the United States Marshal. Upon arrest, Hopson will be brought before the Court so that the deposition can proceed. Failure to appear will also result in monetary sanction for attorney fees incurred by EB Holdings associated with delay attendant to arrest, as well as all reasonable attorney fees incurred by it in obtaining this finding of contempt. See *Mary Kay Inc v Designs by Deanna Inc*, 2013 WL 6246484, at *4 (ND Tex).

EB Holdings II Inc is ORDERED to immediately serve a copy of this Order of Civil Contempt on Jennifer Hopson.

SO ORDERED.

Signed on January 27, 2022, at Houston, Texas.

*[signature]*
Hon. Charles Eskridge
United States District Judge